UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| John Raines and Tim McGough, as Trustees of the Carpenters & Joiners Welfare Fund and the Carpenters and Joiners Defined Contribution Plan; and John Raines as Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund, and each of their successors, | Civil File No. _____ |

              Plaintiffs,

vs.

                                             **COMPLAINT**

Precision Athletic Floor, LLC and
Nathan Studer, individually,

              Defendants.

Plaintiffs, for their complaint against Defendants Precision Athletic Flooring, LLC and Nathan Studer, state and allege as follows:

**IDENTITY OF PARTIES, JURISDICTION, VENUE**

1.     Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are Trustees of the Carpenters & Joiners Welfare Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act of 1947 ("LMRA"), as amended 29 U.S.C. § 186(c)(5). The Fund is administered in accordance with the provisions of the Employee Retirement Income Security Act of 1974, as amended 29 U.S.C. § 1001, et seq. ("ERISA"), and is exempt from federal income taxation pursuant to Internal Revenue Code Section 501(c)(9).

2.      Plaintiffs John Raines and Tim McGough, and any subsequently appointed successor, are also Trustees of the Carpenters and Joiners Defined Contribution Plan. The Plan is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(5) of LMRA, 29 U.S.C. § 186(c)(5). The Plan is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 401(a).

3.      Plaintiff John Raines, and any subsequently appointed successor, is also a Trustee of the Carpenters and Joiners Apprenticeship and Journeymen Training Trust Fund. The Fund is a multi-employer, jointly-trusteed fringe benefit plan created and maintained pursuant to Section 302(c)(6) of LMRA, 29 U.S.C. § 186(c)(6). The Fund is administered in accordance with the provisions of ERISA, and is exempt from federal income taxation pursuant to Internal Revenue Code § 501(c)(3).

4.      Plaintiffs, and any subsequently appointed successors, are fiduciaries under ERISA § 3(21), 29 U.S.C. § 1002(21) for each employee benefit trust fund named in Paragraphs 1-3 herein.

5.      Defendant Precision Athletic Flooring, LLC is a limited liability corporation which has been registered to do business in the state of Wisconsin, and has been engaged in the construction or floorcovering business at times relevant to this lawsuit. Defendant has a registered address of 1550 N. Warren Avenue, Apartment 101, Milwaukee, WI 53202.

6.      At all times material to this action, upon information and belief, Defendant Precision Athletic Flooring, LLC has employed individuals in the carpentry and/or floorcovering industry and signed agreement(s) to obtain labor for that purpose.

Defendant is therefore an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5).

7.     Defendant Nathan Studer is an individual, a citizen of the state of Wisconsin, and an owner and/or officer of Defendant Precision Athletic Flooring, LLC. He has agreed to be personally bound to an agreement guaranteeing the fringe benefit contribution obligations owed to Plaintiffs and agreed to be bound by the Trust Agreements governing the plans for which Plaintiffs are trustees. Defendant Nathan Studer is therefore an employer within the meaning of Section (3)(5) of ERISA, 29 U.S.C. § 1002(5) because he acted directly or indirectly in the interest of Precision Athletic Flooring, LLC in relation to an employee benefit plan.

8.     This is an action to enforce the terms of an employee benefit plan under ERISA §1132(a)(3) and to collect unpaid fringe benefit contributions due per the terms of a Collective Bargaining Agreement. Subject matter jurisdiction over this controversy, therefore, is conferred upon this Court, without regard to the amount in controversy by ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1); ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3); and ERISA § 515, 29 U.S.C. § 1145.

9.     The employee benefit plans for which Plaintiffs are trustees are administered in Hennepin County, Minnesota, therefore venue is proper in this court pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

## FACTUAL BACKGROUND

10.     At all times material herein, by execution of a Memorandum of Agreement ("hereinafter MOA") dated September 1, 2012, Defendants Precision Athletic Floor, LLC and Nathan Studer agreed to be bound to the terms of the collective bargaining

agreements labor contract(s) ("CBAs") negotiated and effective between North Central States Regional Council of Carpenters (f/k/a Chicago Regional Council of Carpenters) and certain employer associations which govern the provision of carpentry and floorcovering services in the state of Wisconsin and other geographical areas.

11.     Defendants have not terminated nor abrogated the Memorandum of Agreement dated September 1, 2012.

12.     By signing the MOA on behalf of the corporation, Defendant Nathan Studer agreed to be personally bound to the terms of the MOA and Trust Agreements governing the fringe benefit plans for which Plaintiffs are Trustees. He is therefore personally liable for the full and faithful performance of all the terms and provisions of the MOA and any corresponding CBA, including obligations relating to the payment of fringe benefit contributions.

13.     The MOA and corresponding CBAs require employers, such as Defendants, to make fringe benefit contributions to the fringe benefit plans for which Plaintiffs are Trustees. These contributions must be submitted to Plaintiffs for all hours worked by covered employees who are performing carpentry or floorcovering work in amounts set forth and agreed upon in the underlying CBAs for the purpose of funding employee benefits.

14.     The Trust Agreement or Declarations of Trust governing each employee benefit plan for which Plaintiffs are trustees have been or are incorporated into the terms of the MOA and underlying CBAs.

15.     Pursuant to the MOA, the CBAs, and the Trust Agreements, Defendants are required to complete a report form with the information as required by the Plaintiff

Trustees, identifying each of their covered employees and each hour employees performed covered worked under the CBA. The fringe fund report must then be submitted to Wilson-McShane Corporation, the Plan Administrator, with payment for any fringe benefit contributions due not later than the 15th day of the month after the month in which an employee's work was performed.  For example, the fringe fund report and payment for hours worked by Defendants' employee in June 2019 was due on July 15, 2019.

16.     The CBA also requires employers, such as Defendants, to make available employment and payroll records for examination and audit by the Plaintiffs' Trustees or their authorized agents whenever such examination is deemed, by the Trustees, to be necessary to the proper administration of the Plaintiff Funds and to ascertain whether the employer has properly complied with its fringe benefit contribution reporting and payment obligations.

<u>**COUNT I**</u>
<u>**REPORT AMOUNT DUE –FAILURE TO SUBMIT REPORTS**</u>

17.     Plaintiffs re-allege and incorporate by reference herein, paragraphs 1 through 16.

18.     In June 2019, Defendants produced reports and payroll records to Plaintiffs reflecting hours worked by covered employees during the period of November 2018 through April 2019.

19.     Pursuant to the Plaintiffs' auditor's review of the records produced, there were hours worked by Defendants' employees for which fringe benefit contribution payments were not remitted to Plaintiffs by Defendants. Plaintiffs' auditor prepared an invoice based upon their review of the records and reports provided by Defendants for November 2018 through April 2019.

20.     The amount of fringe benefit contributions Plaintiffs have discovered to be due and owing from Defendants for the audit period of November 2018 through April 2019 is $7,256.50.

21.     In addition to the fringe benefit contributions due, the Trust Agreements, the underlying CBAs and ERISA § 502, 29 U.S.C. § 1132, provide for an award of interest on the unpaid contributions computed at a rate provided in 26 U.S.C. § 6621 or at the rate established by the plans, plus liquidated damages in the amount of 10% of the delinquent contributions.

22.     Defendants owe Plaintiffs $725.65 in liquidated damages as a result of the amounts owed for this period (November 2018 through April 2019) plus interest to be calculated at the time a judgment is entered.

23.     Defendants have also breached their obligations under the MOA, the Trust Agreements, and underlying CBAs by failing to submit accurate monthly fringe fund remittance reports and pay the contributions due and owing for the months of May 2019 to the present.

24.     Upon information and belief, Defendants have employed individuals performing work covered by the jurisdiction of the MOA and underlying CBAs during these months and will continue to employ such individuals.

25.     In addition, every month, until this matter is resolved either through dismissal or judgment, Defendants will be obligated to remit a fringe fund report form as described above, and will be required to remit payment for the fringe benefit contributions due per the hours disclosed. If the report and/or the payment for the amounts due are not submitted by the 15th day of the following month, Defendants will be delinquent for each

such month. For example, the report and payment due for employee hours worked during August 2019 are due on September 15, 2019.

26.     Defendants have violated ERISA §515 by failing and refusing to produce the fringe fund remittance reports due for May 2019 forward. Defendants are liable for all fringe benefit contributions which are due and owing for May 2019 through August 2019 and all fringe benefit contributions which become due and owing during the pendency of this action.

27.     Unless the Court orders injunctive relief in the form of an order requiring Defendants to submit the fringe benefit reports due for May 2019 forward, Plaintiffs will be unable to enforce the obligations set forth in the MOA, CBAs and Trust Agreements and will be unable to quantify their damages.

28.     Pursuant to the CBA and Trust Agreements under which the employee benefit plans for which Plaintiffs are Trustees are established, and ERISA § 502, 29 U.S.C. § 1132, Defendants are also required to pay Plaintiffs their reasonable attorney fees and costs incurred in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment of this Court, joint and several, against Defendants Precision Athletic Flooring, LLC and Nathan Studer, individually, as follows:

1.     For a Judgment in the amount of at least $7,256.50 for fringe benefit contributions due per the hours disclosed in records provided by Defendants for the period of November 2018 through April 2019.

2.      For a Judgment for liquidated damages and interest on the unpaid fringe benefit contributions due from the period of November 2018 through April 2019, or double interest if greater than interest and liquidated damages.

3.      An order requiring Defendants to immediately submit the fringe benefit fund reports owed to Plaintiffs for May 2019 forward, and remit payment for the fringe benefit contributions due per the hours disclosed, plus all other months that become due throughout the pendency of this litigation, accurately and completely identifying all hours worked by its covered employees, and to further enjoin Defendants from failing to timely submit reports and contributions. The fringe fund reports and contributions must be submitted to Wilson-McShane Corporation, 3001 Metro Drive, Suite 500, Bloomington, MN, 55425, as the administrative agent designated by the Plaintiffs' Trustees.

4.      A judgment pursuant to ERISA §515 and §502(g) for all amounts which become are due and owing pursuant to the fringe benefit fund remittance reports which Defendants are obligated to submit throughout this litigation, including May 2019 through August 2019 and through the date of judgment, including an additional ten percent of any fringe benefit contribution amounts reported for the liquidated damages.

5.      Interest and any additional penalties or damages recoverable under ERISA §502(g).

6.      For an award of costs, disbursements and attorney fees according to law.

7.      For such other and future relief as the Court deems proper.

Respectfully submitted,


Date:  September 3, 2019.                    **KUTAK ROCK LLP**


                                   By: ___*/s/Amanda R. Cefalu*___
                                         Amanda R. Cefalu (#0309436)
                                         Nathan T. Boone (#0398989)
                                         Kutak Rock LLP
                                         60 South Sixth Street, Suite 3400
                                         Minneapolis, MN 55402-4513
                                         Telephone: 612-334-5000
                                         Email:Amanda.Cefalu@kutakrock.com
                                                 Nathan.Boone@kutakrock.com


                                         *Attorneys for Plaintiffs*